IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWN BUNCH, | : | |
| Individually and as personal | : | |
| Representative of the Estate of | : | |
| LINDA FORD, | : | CIVIL NO. CCB-09-986 |
| | : | |
| v. | : | |
| | : | |
| LORILLARD TOBACCO | : | |
| COMPANY, et al. | : | |

...o0o...

## MEMORANDUM

Now pending before the court is the plaintiff's motion for relief from a final judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(1).  Previously, this court granted unopposed motions to dismiss for failure to state a claim filed by defendants Lorillard Tobacco Company, Lorillard Tobacco, Inc. (collectively "Lorillard"), and Barbara Bristow.  Plaintiff Dawn Bunch, individually and as representative of the Estate of Linda Ford, now asks the court to reconsider its ruling and reinstate her lawsuit.  For the following reasons, the motion will be denied.[1]

## BACKGROUND

In February 2009, Ms. Bunch filed suit in the Circuit Court for Washington County, Maryland against the defendants under theories of product liability, negligence, strict liability, and premises liability.  Only negligence and premises liability were alleged against Ms. Bristow.  The case was removed to this court in April 2009.

The event giving rise to Ms. Bunch's allegations was a fire that occurred in the home of

---

[1] Ms. Bunch also filed a motion for leave to file a motion to remand conditioned on the court ruling in her favor on the Rule 60(b) motion.  Because the court will deny Ms. Bunch's motion for relief from a final judgment, it will also deny her motion for leave to file a motion to remand.

1

Ms. Ford, who is Ms. Bunch's mother, and Ms. Bunch on February 20, 2006. The fire was allegedly ignited by a cigarette manufactured by Lorillard. As a result of the fire, Ms. Ford died and Ms. Bunch suffered severe injuries. In her complaint, Ms. Bunch alleged that Lorillard was liable for failing to manufacture a self-extinguishing cigarette and that Ms. Bristow was liable for failing to provide proper fire protection in the home she rented to Ms. Ford.

Lorillard and Ms. Bristow filed motions to dismiss for failure to state a claim on April 17, 2009 and April 24, 2009, respectively. Ms. Bunch did not respond to either motion. On May 26, 2009, this court granted the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because they were "well supported under the applicable law." (May 26, 2009 Mem. at 1.) Three days later, on May 29, 2009, Ms. Bunch filed the present motion for reconsideration on the basis of excusable neglect on the part of her attorney, James Ferrell.

Mr. Ferrell did not enter an appearance in this case until August 18, 2009, when he filed a motion to appear *pro hac vice*.[2] Before that, Thomas Teodori was at all times Ms. Bunch's counsel of record. Apparently, Mr. Ferrell was always lead counsel in Ms. Bunch's action, but as a result of a family tragedy – the sudden death of his wife on April 16, 2009 – he was never admitted *pro hac vice* or formally served and, therefore, failed to oppose defendants' motions to dismiss. Although Mr. Teodori emailed him informing Mr. Ferrell that motions to dismiss had been filed, Mr. Ferrell apparently did not receive the email because he was dealing with the loss of his wife and caring for his ten-year-old child. (Ferrell Aff. at ¶ 6.)

The defendants opposed Ms. Bunch's motion for reconsideration in June 2009. Ms. Bunch never filed a reply.

---

[2] The court granted Mr. Ferrell's motion on August 24, 2009.

## ANALYSIS

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on six enumerated grounds. *See* Fed. R. Civ. P. 60(b)(1)-(b)(6). The grounds relied upon by the plaintiff in this case are found in Rule 60(b)(1): "mistake, inadvertence, surprise, or excusable neglect".

In the Fourth Circuit, a court considers a Rule 60(b) motion in two stages. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). First, the movant must meet three threshold conditions by showing that: (1) the motion is timely; (2) she "has a meritorious defense [or claim]"; and (3) the opposing party will not be "unfairly prejudiced by having the judgment set aside." *Id.*; *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("the movant must demonstrate that granting that relief will not in the end have been a futile gesture, by showing that she has a meritorious defense or claim.").[3] If the threshold showings are met, then the movant must satisfy one of the six grounds for relief enumerated in Rule 60(b). *Nat'l Credit*, 1 F.3d at 266.

Although it is undisputed that the present motion is timely,[4] the defendants argue that Ms. Bunch has failed to show that her claims are meritorious. Ms. Bunch neither addressed the merit of her claims in her motion for reconsideration, nor filed a reply to the defendants' responses. Rather, her motion focuses on the circumstances surrounding Mr. Ferrell's family tragedy and his inability to oppose the defendants' motions to dismiss. While the death of Mr. Ferrell's wife

---

[3] A showing of exceptional circumstances is sometimes required, particularly when the movant relies on 60(b)(6). *See Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 248 n.11 (W.D. Va. 1999) ("exceptional circumstances are specifically required where relief is sought under subsection (6) of Rule 60(b)"); 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2857 (2d ed. 1995) ("the leading cases speaking of a requirement of exceptional or extraordinary circumstances have been cases of motions under Rule 60(b)(6).").

[4] A Rule 60(b)(1) motion must be filed not more than one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1). Here, Ms. Bunch filed the present motion three days after her case was dismissed.

was indeed a sudden and tragic event, the court cannot reach the issue of whether his failure to file an opposition was excusable negligence unless it first determines that Ms. Bunch's claims are meritorious such that granting relief will not be a futile gesture. *See Nat'l Credit*, 1 F.3d at 266.

      This court dismissed Ms. Bunch's claims not simply because she failed to respond to the defendants' motions to dismiss, but rather because it determined that she failed to state a claim for relief under the applicable law.  Ms. Bunch has not provided the court with any authority to the contrary.  Therefore, Ms. Bunch has not met the threshold requirement of showing that her claims are meritorious, and her motion for relief from a final judgment will be denied.  A separate Order follows.


    February 4, 2010                                      /s/
           Date                                         Catherine C. Blake
                                                    United States District Judge